Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7318 | DATE | 9/8/2003 |
| CASE TITLE | | Gingiss Owners Assoc. vs. The Gingiss Corp. et al | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendants' motions to dismiss the first amended complaint [13-1] are granted. This action is dismissed for lack of subject matter jurisdiction. ENTER MEMORANDUM OPINION.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| X | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| KAM | courtroom deputy's initials |

Document Number: 23

date docketed: 9/9/2003

date mailed notice

KAM mailing deputy initials

Date/time received in central Clerk's Office

03 SEP 10 PM 3:51
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GINGISS OWNERS ASSOCIATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | SEP 1 1 2003 |
| | ) | |
| v. | ) | No. 02 C 7318 |
| | ) | |
| THE GINGISS GROUP, INC., GINGISS INTERNATIONAL, INC., GRYPHON INVESTORS, INC., GII ACQUISITION, INC., and GINGISS FORMALWEAR, INC., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court are defendants' motions to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7). For the reasons stated below, the motion is granted because we do not have subject matter jurisdiction.

## BACKGROUND

This is a diversity case brought by the Gingiss Owners Association, Inc. (the "GOA"), a trade association comprised of more than 47 individual owners of Gingiss Formalwear franchises operating approximately 168 retail stores in the United States. The GOA is a Kansas corporation with a principal place of business in Georgia. The first of the GOA's stated purposes in its Articles of Incorporation is "[t]o consider and deal by all lawful means with common problems involved in the franchisee operations of the

Gingiss Formalwear franchise operations and to secure cooperative action in advancing common purposes of the shareholders of the Corporation." (First Amended Complaint, Ex. A, Articles of Incorporation, at 3.)

Each of the franchisees who are members of the GOA has executed a Standard Franchise Agreement (the "Franchise Agreement") with defendant Gingiss International, Inc. ("Gingiss"). Section 3 of the Franchise Agreement provides as follows:

> [Gingiss] agrees that, during the term of the Franchise and FRANCHISEE's compliance with this Agreement, [Gingiss] will not own or operate or grant a franchise for the operation of an establishment offering the rental and sale of formalwear to the public, whether operated as a GINGISS FORMALWEAR CENTER store or under any other tradename, located within a radius of four (4) miles of the then location of the STORE.

(Memorandum in Support of Motion to Dismiss, Ex. B, Ex. 1, Standard Franchise Agreement, ¶ 3A.)[1] According to the GOA, Gingiss has "endeavored to evade this obligation to its franchisees via a series of corporate restructurings which has effectively resulted in GINGISS' ability to compete within the exclusive territory of its franchisees, albeit indirectly via defendants THE GINGISS GROUP, GRYPHON and other related entities of said defendants."

---

[1] Plaintiff did not attach a copy of the Franchise Agreement to the First Amended Complaint, but defendants attached a copy to the motion to dismiss. Documents that defendants attach to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim. See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431-32 (7th Cir. 1993). The GOA refers to the Franchise Agreement in the complaint, and it is central to its claims. Therefore, we can consider that document without converting defendants' motion into a motion for summary judgment.

(First Amended Complaint, ¶ 14.) As a result, many Gingiss franchise stores "have already left the Gingiss franchise system due to competition from stores owned or controlled by defendants," and there is a threat of more stores "leaving the system," resulting in reduced membership dues to the GOA and fewer members to participate in its activities. (Id., ¶ 27.)[2] The GOA also seeks an accounting to determine whether Gingiss and the other defendants have complied with their alleged obligation to contribute to the National Advertising Fund established for the benefit of Gingiss's franchisees.

In the first amended complaint, plaintiff seeks a declaratory judgment that Gingiss, "regardless of the corporate structure embraced by said defendant, cannot compete with any GOA member within their [sic] exclusive four (4) mile radius, either directly or indirectly" (Count I, ¶ 66) and that the other defendants are bound by the terms of the Franchise Agreement, in particular by the exclusivity provision (Count II). Plaintiff also seeks an accounting of Gingiss's contributions to the National Advertising Fund (Count III) and attorneys' fees against all defendants (Count IV). In Count V, plaintiff requests a permanent injunction

---

[2] The First Amended Complaint does not elaborate on the meaning of the phrase "leave the system," but plaintiff's memorandum in opposition to defendants' motion explains that Gingiss bought out a number of independent franchisees. (Opposition at 11-12.)

preventing defendants from competing within the exclusive territories of plaintiff's members.

Defendants now move to dismiss the first amended complaint. They contend that the GOA is not the real party in interest and that we lack diversity jurisdiction, and that the individual franchisees are necessary and indispensable parties and cannot be joined.

## DISCUSSION

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court accepts as true all well-pled factual allegations and draws reasonable inferences from the allegations in favor of the plaintiff. See Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). The court may also look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject matter jurisdiction exists. See id.

This case does not involve a federal question, so jurisdiction is proper only if there is complete diversity among the parties, which means that no defendant may be a citizen of the same state as any plaintiff. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Indiana Gas Co., Inc. v. Home Ins. Co., 141 F.3d 314, 318 (7th Cir. 1998) (noting that complete diversity is essential in cases brought under 28 U.S.C. § 1332). As noted supra, the GOA is a citizen of Kansas and of Georgia. Defendants Gingiss, The

- 5 -

Gingiss Group, Inc., and Gingiss Formalwear, Inc. are organized under the laws of Delaware and have principal places of business in Illinois; therefore, those defendants are citizens of Delaware and of Illinois. Defendant Gryphon Investors, Inc. is a California citizen, and defendant GII Acquisition, Inc. is an Illinois citizen.[3]

Thus, at first glance, there is complete diversity of citizenship among plaintiff and defendants. Defendants argue, however, that the real party in interest is not the GOA, but the franchisees because it is their contractual rights at issue.[4] The general rule is that, for diversity purposes, the relevant citizenship is that of a corporation rather than its shareholders. However, a corollary of that rule is that the citizenship of the real party in interest is determinative when deciding whether we have diversity jurisdiction. See CCC Info. Servs., Inc. v. American Salvage Pool Ass'n, 230 F.3d 342, 346 (7th Cir. 2000). According to defendants, complete diversity is destroyed because some franchisees are citizens of Illinois and others are citizens of California.

---

[3] When a corporation is party to a suit, it takes both the citizenship of the state in which it is incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1).

[4] Rule 17 of the Federal Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The rule's purpose is to ensure that the party attempting to enforce a right in court is the person who possesses the right under the substantive law. See 6A Charles Alan Wright et al., Federal Practice and Procedure § 1543 (2d ed. 1990).

Defendants assert that the Seventh Circuit's ruling in <u>National Association of Realtors v. National Real Estate Association, Inc.</u>, 894 F.2d 937 (7th Cir. 1990) ("<u>NAR</u>"), controls this case. In <u>NAR</u>, a not-for-profit corporation that constituted a national association of real estate agents sued a rival association for fraud, negligent misrepresentation, and violations of state law. 894 F.2d at 938-39. The plaintiff purported to bring the suit on behalf of both itself and its members. The district court determined that plaintiff's members were the real parties in interest, so that when their citizenship was considered, the requirement of complete diversity was not satisfied. On appeal, the Seventh Circuit held that when a wrong is felt by members of a corporate association, the members are the real parties in interest, and their citizenship controls for diversity purposes. <u>See id.</u> at 939-40. Otherwise, the court explained, aggrieved parties could avoid the limits of diversity jurisdiction by finding some out-of-state organization to which they belonged to sue on their behalf. <u>See id.</u> at 939-42 ("If [the association's members] have been victimized by [torts], all committed by a citizen of the same state as they, they cannot maintain a federal diversity suit by the facile expedient of suing through their trade association.").

We agree with defendants that <u>NAR</u> applies here. Although GOA does not bring a claim that is labeled "breach of contract," the

crux of the complaint is that defendants have breached the Franchise Agreements. The GOA is not a party to the Franchise Agreements; rather, its members, the franchisees, are. Thus, like the association in NAR, it is clear that the GOA is suing on behalf of its members. While the GOA characterizes the harm as being inflicted upon itself rather than the franchisees (by way of fewer members, and therefore reduced dues and participation), the complaint fails to identify any right that the GOA *itself* possesses that is allegedly being violated.

The GOA argues that it has negotiated directly with the defendants with respect to modification of the terms of the Franchise Agreement as well as with respect to the issues that gave rise to this case. The GOA also points out that it consults with defendants regarding advertising programs and also operates in specific ways to intercede with defendants on behalf of franchisees. All of these facts may be true, but they are not relevant to the question before us: is the GOA seeking to enforce a right that it possesses? The answer is no. The GOA is not a party to the contracts it seeks to enforce. The fact that it has contracted directly with defendants in other agreements is irrelevant because it is not seeking to enforce the terms of those agreements. The GOA's members--the franchisees--are the real parties in interest to this controversy, and it is their citizenship that controls for diversity jurisdiction purposes.

The GOA does not controvert, nor does it attempt to controvert, defendants' evidence (the Declaration of Gingiss's CEO, Michael J. Corrao) that some of Gingiss's franchisees who are members of the GOA are citizens of Illinois, and others are citizens of California. Because each defendant is a citizen of either Illinois or California, complete diversity is destroyed, and this court is without subject matter jurisdiction.[5]

## CONCLUSION

Defendants' motions to dismiss the first amended complaint are granted. This action is dismissed for lack of subject matter jurisdiction.

DATE:   September 8, 2003

ENTER:   _____
         John F. Grady, United States District Judge

---

[5] Having decided that we lack subject matter jurisdiction, we need not address defendants' alternative argument that the complaint must be dismissed because the franchisees are necessary and indispensable parties under Rule 19.